IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER EDWARDS, JR.**                                                                 **PLAINTIFF**

**V.**                               **CASE NO. 5:25-CV-5056**

**CORRECTIONAL OFFICER TRENTON MARTIN,**
**Washington County Detention Center (WCDC);**
**CORRECTIONAL OFFICER TRINTON EVANS, WCDC;**
**CORPORAL TOM MULVANEY, WCDC;**
**SERGEANT ALEXIS BARTHOLOMEW;**
**and JAY CANTRELL**                                                                          **DEFENDANTS**

## ORDER

On April 21, 2025, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff Christopher Edwards, Jr.'s Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") (Doc. 10). Magistrate Judge Comstock recommends that the Complaint be dismissed without prejudice for failure to state a plausible claim for relief. Mr. Edwards's first claim alleges that Defendant Trenton Martin verbally threatened Mr. Edwards and that Defendant Trinton Evans was aware of the threats but did nothing to intervene. The second claim is that Defendant Tom Mulvaney failed to timely respond to Mr. Edwards's inquiries submitted on the WCDC kiosk system, did not coordinate a notary to assist with forms, and did not grant him use of the law library. The third and final claim is that Defendant Sgt. Alexis Bartholomew knew about the above allegations but did nothing to help Mr. Edwards.

On May 1, Mr. Edwards filed Objections (Doc. 12) to the R&R. The Court has therefore conducted a *de novo* review of the record, paying particular attention to those areas of the R&R that have drawn objection. The Objections focus on Mr. Edwards's

claim that Defendant Martin verbally threatened him, which Mr. Edwards insists *could have* led to physical harm. The R&R explains why these allegations fail to state a claim of constitutional dimension, and the Court agrees. Further, Mr. Edwards admits in the Objections that Defendant Martin never touched him, never moved him to an area where he would "have to fight and catch another charge," and never charged him with a new crime. *See id.* at p. 2. Next, Mr. Edwards maintains that Defendant Martin blocked him from "order[ing] commissary" and would not "let outside people order [Mr. Edwards] care packages or phone time." *Id.* Even if these allegations are true, they also fail to state a claim of constitutional dimension, since inmates have no constitutional right to commissary or care packages. *See* Doc. 10, p. 5 n.1. Finally, Mr. Edwards objects that Defendant Martin's treatment of him was fueled by racism; however, as the R&R explained, there are no facts in the Complaint—save conclusory ones—to support this claim.

**IT IS THEREFORE ORDERED** that the Objections are **OVERRULED** and the R&R (Doc. 10) is **ADOPTED IN ITS ENTIRETY**. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration and to close the case.

**IT IS SO ORDERED** on this 9th day of May, 2025.

　　　　　　　　　　　　　　　　　　　　　/s/ Timothy L. Brooks
　　　　　　　　　　　　　　　　　　　　　TIMOTHY L. BROOKS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE